Gustavo Castillo **ANDRADE**; Norberto Castillo Cobian; Omar Castillo Cobian, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70329.

Agency Nos. A75–532–890, A75–532–891, A75–532–892.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Haleh Mansouri, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Carolyn Piccotti, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and PAEZ, Circuit Judges.

## MEMORANDUM**

Gustavo Castillo Andrade, and his two adult sons, Norberto Castillo Cobian, and Omar Castillo Cobian ("Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their applications for asylum, with-

** This disposition is not appropriate for publication and may not be cited to or by the

holding of removal, and for relief under Article 3 of the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence both the denial of asylum, *Wang v. Ashcroft*, 341 F.3d 1015, 1019–20 (9th Cir.2003), and the denial of relief under the Convention, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Petitioners did not establish past persecution or a well-founded fear of future persecution. For example, Petitioners' periodic inability to find employment does not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (holding that employment discrimination "is not the type of economic deprivation that rises to the level of persecution"). Similarly, brief detention of family members by the police for questioning does not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (holding that brief detention and beating did not constitute persecution). Finally, none of Petitioners were subject to physical violence or specific threats of serious harm. *See Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998).

It follows that Petitioners did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Petitioners failed to demonstrate that it was more likely than not that they would be tortured if they returned to Mexico, the IJ properly denied Petitioners' claim under the Convention. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS*,

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

336 F.3d 989, 993 (9th Cir.2003). Accordingly, Petitioners' motion to remand to the BIA to reconsider their claim under the Convention is denied.

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.